FRANK S. GRAY, Appellant, *v.* AUGUSTUS D. SHEPARD and Another, as Executors, etc., of ELLIOT F. SHEPARD, Deceased, Respondents.

79  467
147a 177

*Master and servant — breach of contract of service — a refusal of the servant to deliver papers relating to the business justifies his discharge — an exception to a judge's charge is not a request to go to the jury — oral testimony as to the interpretation to be placed upon "incompatibility."*

All the papers connected with the business, in reference to which an employee is engaged, belong to his employer, who has a right to demand the same, except so far as their retention may be necessary for the justification of acts of the employee done pursuant to directions contained therein, and the retention of a letter on the latter's part, if it shows a preconceived design to use the same for the purpose of blackmail, is a breach of duty on the part of the employee towards his employer which can be set up at any time in justification of his discharge.

A simple exception to the charge of the judge, on the trial of an action, was taken, without any suggestion that there existed a phase of the case which might make it proper to submit a question presented thereby to the jury.

*Held*, that the person making such exception was not in a position to claim upon appeal that the charge as delivered and excepted to embraced a refusal to submit such question to the jury. That if such point was to be insisted upon, it was the duty of such party to call the attention of the court to that feature of the case, and then, if the court refused to make a proper charge in respect thereto, the question could be reviewed upon appeal.

*Semble*, that parol testimony as to the interpretation of the word "incompatibility," placed upon the same by the parties to an agreement wherein such word occurred, is admissible in evidence upon the trial of an action, as the meaning of such word is not of so definite a character as to preclude evidence of a discussion in regard to the same between the parties to a contract prior to its insertion therein.

APPEAL by the plaintiff, Frank S. Gray, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 22d day of December, 1892, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 28th day of December, 1892, denying the plaintiff's motion for a new trial.

*A. J. Dittenhoefer*, for the appellant.

*Noah Davis*, for the respondents.

VAN BRUNT, P. J.:

This action was brought to recover damages for the plaintiff's wrongful discharge from employment by the defendants' testator. On the 18th of April, 1888, the plaintiff and Elliot F. Shepard, who died since the trial of this action, entered into a written agreement by which the plaintiff agreed to remove with his family from Chicago to New York; to enter Mr. Shepard's service in connection with the publication of the *Mail and Express* newspaper; to devote his whole time, Sundays excepted, to the paper, and to fill such places and have such titles from time to time as Mr. Shepard might wish, whether managing editor, publisher of the weekly, publisher of the daily, general manager of one or both, or assistant in any of these departments, or all of them, etc. The employment was for five years from May, 1888, and the compensation was to be $6,000 a year for the first two years, and during the last three years in addition to receiving the same salary he was to be credited each year with the sum of $5,000 as installments on the purchase price of an undivided one-tenth interest in the paper.

The said contract contained the following clause:

"For any dishonesty, incompetency, incompatibility or breach of this agreement of or by Mr. Gray, Mr. Shepard shall be at liberty to annul it, and thereupon it shall cease and determine and all obligation thereunder on the part of Mr. Shepard be canceled forever."

The plaintiff moved to New York on the 7th of May, 1888, entered upon the discharge of his duties and continued in Mr. Shepard's service until the 4th of January, 1890, when he was dis-

charged, and the question involved upon the trial of this cause was whether such discharge was justifiable or not.

Evidence tending to show various acts of insubordination was given upon the part of the defendant, and the case having been submitted to the jury they found a verdict in favor of the defendant ; and from the judgment entered upon such verdict and from an order denying a motion for a new trial this appeal is taken.

Various grounds of error have been brought to our attention upon this appeal, among which were the charge of the learned judge in respect to the conduct of the plaintiff as to a certain letter written by Mr. Shepard to the plaintiff in respect to advertising to be obtained from the police department. It would appear that Mr. Shepard was desirous of obtaining certain advertising from the department, and wrote a letter inclosing a check of $5,000 to the plaintiff Gray. Gray did not use the check for the purpose for which it had been sent to him, but deposited the same to his own account in bank. Shepard and Gray had a conversation in respect thereto, in which Mr. Shepard asked Mr. Gray : " Did you get that check and letter ? " Mr. Gray said " yes." Shepard said : " I do not know whether you can get it done or not, but we have got to have prestige and get political advertising." He said : " Our relations are so confidential that you burn that letter up. You ought not to tear a letter up like that and throw it around, but burn it up." Gray further testified : " He asked me what I had done with the check, and I said I had deposited it with the National Park Bank. He was very much incensed by that ; I told him the money was waiting for him, and I would give him a check any time he desired." On the 27th of September, 1888, the plaintiff gave to Mr. Shepard a check for the $5,000 which had been received by him. Subsequently, after the return of the money, Shepard had a conversation with the plaintiff in respect to the letter, during which a request for the delivery of the letter by Shepard to Gray was made, to which Gray replied that he had torn up the letter and thrown it away in the scrap basket, whereas the fact was that he did not destroy the letter, but kept the same, and subsequently attempted to use it as a club against Shepard. In respect to this letter, the learned judge, having called the attention of the jury to the discrepancies in the statements of the conversations of the parties in respect thereto,

charged as follows: "They differ as to what took place, and differ widely as to whether or not any claim was made for the restoration of this paper prior to the discharge, which occurred on January 4th, 1890. According to Mr. Gray's testimony, the paper was given to him by the defendant as his manager. Whatever its contents, or whatever its purpose, it was given in the course of the employment, and the master would have the right afterwards to demand that, or any other paper which he had intrusted to his employee, and he would have no right to refuse it. That which the master has a right to demand, if it shall be refused by the employee, is necessarily a breach of the agreement existing between them." To this portion of the charge an exception was taken; and it is claimed that this was error upon the ground that the recipient of a letter is the absolute owner thereof and may keep, destroy or dispose of it in any way he pleases, excepting only that he has no right to publish it. In respect to the ground upon which the learned judge placed his charge, it is urged that the rule applies in the case of principal and agent and master and servant when the letter has reference to the subject-matter of the agency as well as in any other case. It is also urged that when a principal requires that his agent do a certain thing the letter may be the only evidence of his authority. If he is requested to do an improper act it would be his only protection against a charge by the principal that the wrongdoing was not at his request. These propositions would be undoubtedly true if they were borne out by the facts which were brought out upon the trial. If the plaintiff in this action had done anything upon the strength of this letter, then, within the principles laid down in the case of *Evans* v. *Van Hall* (Clarke's Ch. 22), he might have insisted upon the retention of the same as the evidence of his authority so to act on behalf of his employer. But in the case at bar the plaintiff had done nothing except to deposit the check which had been inclosed with the letter to his own account, and after the return of that money he refused to return the letter, alleging that it had been destroyed, when he well knew that it had not; and from his subsequent acts he evidently intended to retain the same in order that he might coerce Mr. Shepard in respect to his future action. Under this state of facts it is difficult to see how a servant can retain anything in which his master has an interest without a breach of the

duties which existed. The plaintiff in this action, as has been already stated, had no reason to retain this letter as a justification for anything that he had done, because he had done nothing. The whole matter had been closed by a return of the money, and he had no further interest in the letter except such as might be an unlawful one ; and all papers connected with the business in reference to which he was employed belonged to his employer, who had a right to demand the same except so far as their retention might be necessary for his justification. The retention of this letter upon the part of the plaintiff showed a preconceived design to use the same for the purpose of blackmail ; and under these circumstances its mere retention for such purpose, which is proved beyond all question, was a breach of his duty towards his employer which could be set up at any time in justification of his discharge. In this connection it is urged that the charge carried with it a refusal to submit to the jury the question whether the offense, if there was any, was condoned by the defendant. Even if there were any evidence of condonation, which it is somewhat difficult to discover, there was no such request made to the court. Its attention was not called to the question of condonation. A simple, plain exception to the charge was taken without any suggestion that there was any phase of the case which might make it proper to submit to the jury the question as to whether or not the offense had been condoned. Under such a condition of the record the plaintiff is not in a position to claim that the charge as delivered and accepted to embraced a refusal to submit the question of condonation. If any such point was to be insisted upon, it was the duty of the counsel to call the attention of the court to that feature of the case, and then, if the court refused to make a proper charge in respect thereto, it might bring up a question for consideration.

During the progress of the trial the plaintiff attempted to show a conversation which he had with Shepard in regard to the meaning of the word " incompatibility," which was excluded. And it is urged that this was reversible error. We think that probably the plaintiff had the right to introduce this evidence in order to show the interpretation which the parties had placed upon the word in question, which is not of so definite a character as to preclude evidence of a discussion as to its meaning prior to its insertion into the

contract. But, notwithstanding this error, we do not think that there is any ground for a reversal of this judgment, for the reason that the conceded facts in respect to the letter above referred to show that as matter of law the plaintiff had been unfaithful to his employer and had secretly retained the papers in his possession by force of which he thought he might be able to swindle him, and it was with this purpose in his heart that he went on rendering such services as he did until he was finally discharged. This condition of mind is one which an employer has a right to have not exist in an employee. This secret intention to swindle his employer when the opportunity offered was clearly a breach of his contract of employment.

There are one or two other points which are raised upon this appeal, but they are not of sufficient importance to justify discussion. Upon the admitted facts, therefore, as a matter of law, the plaintiff has broken his contract of employment and Shepard was justified in his dismissal.

The judgment and order appealed from should be affirmed, with costs.

BARRETT, J., concurred.

Judgment and order affirmed, with costs.